MOSER v CITY OF DETROIT

Docket No. 283922. Submitted March 10, 2009, at Lansing. Decided June 23, 2009, at 9:00 a.m.

Robert S. Moser, II, brought an action in the Wayne Circuit Court against the city of Detroit, Wayne County, and the Department of Transportation, seeking damages for injury he sustained while driving on Interstate 75 when a piece of concrete detached from the fascia of the Cass Avenue overpass and crashed through the windshield of his car. The parties stipulated that the Department of Transportation had exclusive control and jurisdiction over the bridge and that the city and the county should be dismissed from the action. The department then moved for summary disposition, arguing that the fascia was not part of the improved portion of the roadway designed for vehicular travel and that the action therefore was not within the highway exception to governmental immunity from tort liability. The court, Robert J. Colombo, Jr., J., denied the motion. The department appealed.

The Court of Appeals held:

MCL 691.1402, the highway exception to governmental immunity, provides that the duty of the state to repair and maintain a highway, and the liability for a breach of that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside the improved portion of the highway designed for vehicular travel. MCL 691.1401(e) defines "highway" as a public highway, road, or street that is open for public travel and includes, among other things, bridges. In this case, the bridge fascia was a side of, and a part of, the bridge deck, which was designed for vehicular travel. Pieces of the bridge fascia falling onto the interstate highway below the bridge created an unsafe condition on the portion of the highway designed for vehicular travel. Thus, the department is subject to liability under the highway exception.

Affirmed.

WILDER, J., dissenting, stated that only the portion of the road upon which vehicles are driven is subject to the highway exception.

The bridge fascia in this case is not part of the improved portion of
the highway designed for vehicular travel.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — BRIDGE FASCIAS.

The fascia of a bridge over a highway is part of the improved portion
of the bridge designed for vehicular travel for which the govern-
mental agency having jurisdiction of the bridge and highway may
be liable under the highway exception to governmental immunity
for personal injury or property damage caused by a piece of fascia
falling onto an automobile traveling the highway below the bridge
(MCL 691.1401[e], 691.1402[1]).

*Fieger, Fieger, Kenney, Johnson & Giroux, P.C.* (by
*Ven R. Johnson* and *Heather A. Jefferson*), for Robert S.
Moser, II.

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*,
Solicitor General, and *Ronald W. Emery*, Assistant
Attorney General, for the Department of Transporta-
tion.

Before: WILDER, P.J., and METER and SERVITTO, JJ.

SERVITTO, J. Defendant Michigan Department of
Transportation appeals as of right the circuit court's
order denying its motion for summary disposition.
Because the fascia of the bridge is a part of the im-
proved portion of the highway designed for vehicular
travel, we affirm.

Plaintiff was injured when a chunk of concrete fell
from the fascia of an overpass (the Cass Avenue Bridge)
and crashed through his windshield as he drove on I-75
below Cass Avenue. Although Cass is a city-owned
street, defendant has contractually agreed to maintain
and repair all of its bridge's structure; the city main-
tains only the Cass Avenue roadway surface. The par-
ties stipulated that defendant had exclusive control and
jurisdiction over the bridge and to the dismissal of the

city and the county defendants. Defendant then moved for summary disposition pursuant to MCR 2.116(C)(7), asserting that plaintiff's claims were barred by governmental immunity. According to defendant, the highway exception to governmental immunity, MCL 691.1402, only imposes liability for failing to maintain and repair the improved portion of the highway designed for vehicular travel, and the fascia of the bridge is not a part of that improved portion. The circuit court denied the motion, opining that a bridge, which is included in the definition of "highway," for which defendant is liable for repairing and maintaining, includes the fascia in its superstructure and is therefore part of the improved and traveled portion of the highway.

We review de novo a trial court's decision on a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). The applicability of the highway exception to governmental immunity is a question of law subject to de novo consideration on appeal. *Stevenson v Detroit*, 264 Mich App 37, 40-41; 689 NW2d 239 (2004).

A governmental agency is generally immune from tort liability "if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407. However, statutory exceptions to governmental immunity do exist and include what is commonly called "the highway exception." The purpose of this exception is to enhance the safety of travel on public highways. *Chaney v Dep't of Transportation*, 447 Mich 145, 154; 523 NW2d 762 (1994). MCL 691.1402(1) articulates the highway exception:

> [E]ach governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to

his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. . . . The duty of the state and the county road commissions to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel. . . .

"Highway" is defined in MCL 691.1401(e) as "a public highway, road, or street that is open for public travel and includes bridges, sidewalks, trailways, crosswalks, and culverts on the highway. The term highway does not include alleys, trees, and utility poles." The highway exception to immunity is narrowly construed. *Grimes v Dep't of Transportation*, 475 Mich 72, 78; 715 NW2d 275 (2006).

A governmental agency must have jurisdiction over a highway for it to be liable under the highway exception for breaching its duty to maintain a highway in reasonable repair. *Carr v City of Lansing*, 259 Mich App 376, 381; 674 NW2d 168 (2003). In *Markillie v Livingston Co Bd of Rd Comm'rs*, 210 Mich App 16, 22; 532 NW2d 878 (1995), this Court held that the word "jurisdiction" in MCL 691.1402(1) "is synonymous with 'control.' " In this case, defendant has exclusive control over the maintenance and repair of the structure, except for the very surface of Cass Avenue, and the parties do not dispute that defendant has control and jurisdiction over the bridge itself. The only question before this Court is whether the crumbling fascia of the structure constitutes a defect in the highway for which the state is liable.

According to defendant, the highway exception permits a claim in avoidance of governmental immunity

only when the defect causing injury or damage arose from a condition in the improved portion of the highway designed for vehicular travel. Defendant contends that the fascia is not a part of the bridge deck and thus not a part of the driving surface, such that the highway exception is inapplicable. We disagree.

In *Grimes, supra* at 91, the Court held that "only the travel lanes of a highway are subject to the duty of repair and maintenance specified in MCL 691.1402(1)." Accordingly, it held that the shoulder of the road is outside the scope of the state's duty to repair and maintain the highway. *Id.* In *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 162; 615 NW2d 702 (2000), our Supreme Court opined on the liability of the state and counties with respect to highway conditions: "if the condition is not located in the actual roadbed designed for vehicular travel, the narrowly drawn highway exception is inapplicable . . . ." *Id.* at 180. Conversely, "[t]he state and county road commissions' duty, under the highway exception, is . . . implicated upon their failure to repair or maintain the actual physical structure of the roadbed surface, paved or unpaved, designed for vehicular travel, which in turn proximately causes injury or damage." *Id.* at 183.

Of note, the *Nawrocki* Court indicated that "if the condition proximately causing injury or property damage is located in the improved portion of the highway designed for vehicular travel, not otherwise expressly excluded, the state or county road commissions' statutory duty under the highway exception is implicated." *Id.* at 171. The definition of "highway" in MCL 691.1401(e) includes bridges, the bridge at issue was designed for vehicular travel, and bridges are not expressly excluded in the explanation in MCL 691.1402(1) of those areas to which the duty of the state and the

county road commissions to repair and maintain high-
ways extends. The only areas specifically excluded from
the duty to repair and maintain are "sidewalks, trail-
ways, crosswalks or any other installation outside of the
improved portion of the highway designed for vehicular
travel." MCL 691.1402(1).

More importantly, in *Nawrocki*, our Supreme Court
recognized the highway exception in connection with
the "improved portion of the highway," not just a road's
surface, with the "actual physical structure of the
roadbed surface." *Nawrocki, supra* at 183. The word
"structure" suggests not just the surface area or top
layer of construction materials, but to "[s]omething
made up of a number of parts that are held or put
together in a particular way." *American Heritage Dic-
tionary* (4th ed). The Supreme Court's use of "roadbed
surface," instead of "road surface," in stating the rule,
implicates not just a road's two-dimensional surface
that actually comes into contact with traffic, but also its
construction components found underneath the sur-
face.

Such an interpretation is supported by the testimony
of Paul Dlugopolski, a bridge inspector for the Michigan
Department of Transportation. Mr. Dlugopolski testi-
fied that the deck of a bridge is the part of a bridge that
cars drive over. Mr. Dlugopolski testified that the deck is
the part of the bridge on top of beams that cars travel on
and includes the bottom, top, and sides. He testified
that the deck fascia is the concrete side of the bridge.
Mr. Dlugopolski testified that the top of the deck is
where the tires meet the deck, and the bottom is the
underside of the deck. He testified that you cannot have
a top without the bottom and that the deck is the
traveled roadway. From this testimony, it appears that
the deck of a roadway is comprised of a top, a bottom,

and sides. If the sides are a part of the deck, and the deck is identified as the traveled portion of the roadway, then the sides are a part of the traveled roadway.

The fact is, a road is not a two dimensional surface comprised of only length and width. Logically, then, the maintenance of the improved portion of the highway includes the maintenance of the sides and underside of the highway. If the sides and underside are allowed to deteriorate, the highway is just as subject to collapse or other dangers, as it would be if the surface were allowed to deteriorate (perhaps even more so). To hold that the "improved portion of the highway" consists only of a road surface that the tires touch would not only be inconsistent with *Nawrocki*, it would also be contrary to the purpose of MCL 691.1402, which is to enhance the safety of travel on public highways. *Chaney, supra.*

We find that, under *Nawrocki,* the state is subject to liability in this case. Pieces of the bridge structure (which were part of the improved portion of the roadway, designed for vehicular travel) falling onto the highway below, created an unsafe condition on the traveled portion of the roadbed actually designed for vehicular travel. This defect rendered the improved portion of I-75, below the Cass Avenue bridge, unfit for public travel.

Affirmed.

METER, J., concurred.

WILDER, P.J. (*dissenting*). I respectfully dissent. I would conclude that the bridge fascia is not a part of "improved portion of the highway designed for vehicular travel" within the meaning of MCL 691.1402(1).

As the majority notes, in *Grimes v Dep't of Transportation*, 475 Mich 72, 91; 715 NW2d 275 (2006), the

Michigan Supreme Court held that "only the travel lanes of a highway are subject to the duty of repair and maintenance specified in MCL 691.1402(1)." The Supreme Court had previously held in *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 162; 615 NW2d 702 (2000), that "if the condition is not located in the actual roadbed designed for vehicular travel, the narrowly drawn highway exception is inapplicable . . . ." *Id.* at 180. The term "roadbed" is defined as "the material of which a road is composed." *Random House Webster's College Dictionary* (2001). The Supreme Court's reference to "travel lanes" and "roadbed" make clear that only the portion of the road upon which vehicles are driven is subject to the narrowly drawn highway exception. *Nawrocki, supra* at 180. Vehicles are not driven on the fascia of a bridge. As such, plaintiff has failed to show a defect in the improved portion of the highway that would subject the state to liability in this case. I would reverse.