# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD THOMAS,

        Plaintiff-Appellant,

v

FRANKENMUTH MUTUAL INSURANCE CO.,

        Defendant-Appellee.

UNPUBLISHED
July 12, 2016

No. 326744
Wayne Circuit Court
LC No. 14-008671-NF

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the order of the trial court granting summary disposition in favor of defendant and dismissing plaintiff's claim for personal injury protection (PIP) benefits. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff was involved in a motor vehicle accident on July 6, 2013. At the time of the accident, plaintiff was a named insured on a no-fault automobile insurance policy issued by defendant. Plaintiff received treatment from several medical providers for injuries allegedly arising from the accident. Plaintiff's treating physician, Dr. James Beale, instructed plaintiff not to drive for a period of time starting with the day of the accident through January 21, 2014. At his deposition, plaintiff denied driving an automobile at any time during that approximately six and one-half-month period. However, surveillance conducted by an employee of defendant on November 18, 2013 revealed plaintiff driving a vehicle on two separate occasions, despite also using non-emergency medical transportation[1] that same day.

After the accident, plaintiff claimed PIP benefits, including transportation benefits, under the policy issued by defendant. Defendant denied plaintiff's claim for PIP benefits. Plaintiff filed suit seeking payment of those benefits and a declaration of his rights under the no-fault act, MCL 500.3101 et seq.

Defendant moved the trial court for summary disposition pursuant to MCR 2.116(C)(10), arguing that the fraud exclusion in the policy barred plaintiff's claims. The policy provided, in relevant part:

---

[1] Plaintiff used Get Well Medical Transportation to attend his physical therapy appointments.

> We do not provide coverage for any 'insured' who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

Defendant argued that the surveillance videos that showed plaintiff driving during the time period proscribed by Dr. Beale, together with plaintiff's deposition testimony asserting otherwise, evidenced fraudulent statements and fraudulent conduct, because a large part of plaintiff's claimed PIP benefits were for transportation costs from Get Well. Plaintiff responded that defendant had not established several of the elements of fraud, including the materiality of plaintiff's representation that he did not drive during the relevant time period and the intent to defraud defendant.

At the hearing on defendant's motion, the trial court held, relying on this Court's opinion construing an identical fraud exclusion in *Bahri v IDS Property Cas Ins Co*, 308 Mich App 420, 864 NW2d 609 (2014), that plaintiff's conduct in driving an automobile despite receiving medical transportation services, and plaintiff's statements at his deposition, constituted fraud under the policy. The trial court thus granted summary disposition to defendant and dismissed plaintiff's claims. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." We consider the affidavits, pleadings, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

We review issues involving the interpretation of contractual language de novo. *Coates v Bastian Bros, Inc*, 276 Mich App 498, 503; 741 NW2d 539 (2007).

## III. ANALYSIS

Plaintiff argues that the trial court erred in determining that the fraud exclusion in the policy applied in the instant case. We disagree.

> The rules of contract interpretation apply to the interpretation of insurance contracts. The language in an insurance contract should be read as a whole, and we construe the language to give effect to every word, clause, and phrase. When the policy language is clear, a court must enforce the specific language of the contract. However, if an ambiguity exists, it should be construed against the insurer. [*Bahri*, 308 Mich App at 424 (citations and quotation marks omitted).]

This Court has explained the requirements for establishing fraud with regard to an insurance policy's fraud exclusion (sometimes referred to as a "false swearing" defense to coverage):

To void a policy because the insured has wilfully misrepresented a material fact, an insurer must show that (1) the misrepresentation was material, (2) that it was false, (3) that the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4) that the insured made the material misrepresentation with the intention that the insurer would act upon it. A statement is material if it is reasonably relevant to the insurer's investigation of a claim. [*Id*. at 424-425 (citation omitted).]

In *Bahri*, the plaintiff claimed replacement services as PIP benefits from her insurer. *Id*. at 422. However, surveillance video taken during the time period in which the plaintiff claimed replacement services showed plaintiff performing many actions that were "inconsistent with her claimed limitations," including driving. *Id*. at 425. The policy at issue in *Bahri* contained a fraud exclusion identical to the one in the instant case. *Id*. at 423-424.

The *Bahri* Court held that the surveillance video evidence belied "plaintiff's assertion that she required replacement services" and "directly and specifically" contradicted representations made by plaintiff in seeking replacement services. *Id*. at 426. Thus, reasonable minds could not differ regarding whether plaintiff had made fraudulent representations of material fact for the purpose of recovering PIP benefits. *Id*.

*Bahri* compels a similar conclusion in this case. Plaintiff's claim for PIP benefits involves, in large part, a claim for transportation services due to his purported inability to drive. Yet plaintiff was observed driving his car multiple times on the same day he availed himself of medical transportation services. Further, when offered a chance to perhaps explain why he drove on that particular day, plaintiff instead represented multiple times that he had not driven at all during the relevant time period. These representations were thus "reasonably relevant to the insurer's investigation of a claim." *Bahri*, 308 Mich App at 425. Plaintiff's argument that *Bahri* is distinguishable because *Bahri*, in part, involved claims for replacement services that had not actually been provided, is unavailing. The *Bahri* Court specifically noted that the surveillance belied the plaintiff's assertion that she needed help with the tasks she was observed performing without help, including revealing that she was driving on a day that she stated that she required transportation assistance. *Id*. at 425-426. The fact that plaintiff in this case in fact actually availed himself of transportation services on the day he was observed does not defeat the fact that he was observed performing an activity "inconsistent with [his] claimed limitations" on a day that he asserted he required transportation. *Id*. at 425. Further, we also find unpersuasive plaintiff's argument that his repeated assertions during his deposition that he did not drive were innocent mistakes. If they were not knowing misrepresentations, then they were certainly reckless ones, in the face of the proof that he drove his car at least twice on the same day he availed himself of transportation services. *Id*. at 424-425.

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219(A).

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Mark T. Boonstra

-3-