# STATE OF MICHIGAN

# COURT OF APPEALS

---

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,

v

MICHIGAN MUNICIPAL RISK
MANAGEMENT AUTHORITY,

        Defendant-Appellee

and

QBE INSURANCE CORPORATION,

        Defendant/Third-Party-
        Plaintiff/Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Third-Party-Defendant,

and

SECRETARY OF STATE, WHITNEY GRAY,
MARTIN BONGERS and WILLIAM JOHNSON,

        Third-Party-Defendants.

FOR PUBLICATION
August 30, 2016
9:00 a.m.

No. 319710
Kalamazoo Circuit Court
LC No. 2012-000202-CK

---

ON REMAND

Before: RIORDAN, P.J., and MURPHY and BOONSTRA, JJ.

BOONSTRA, J.

-1-

This case is before us on remand from our Supreme Court.[1]  In our original opinion we, inter alia, affirmed the trial court's denial of summary disposition to third-party plaintiff/appellant QBE Insurance Corporation (QBE) on the ground that the "innocent third-party rule" barred rescission of the policy of insurance at issue.[2]  The Supreme Court, in lieu of granting QBE's application for leave to appeal, vacated our opinion with respect to QBE and remanded the case, instructing us to hold this case pending the outcome of *Bazzi v Sentinel Ins Co.*, ___ Mich App ___; ___ NW2d ___ (2016).[3]  As *Bazzi* has now been decided, we consider the instant case, and conclude that the "innocent third-party rule" did not bar QBE's claim of fraud as a defense to an insurance contract, and that the trial court therefore erred in denying QBE's claim of summary disposition.  We vacate the portion of the trial court's order denying summary disposition to QBE under the "innocent third-party rule" and remand for further proceedings consistent with this opinion.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The facts of the case as a whole are set forth in our previous opinion, and we will not repeat them in full.[4]  In relevant part, our previous opinion stated:

QBE also moved for summary disposition pursuant to MCR 2.116(C)(10).  QBE asserted, inter alia, that it was entitled to rescind its policy of insurance provided to Gray because Gray had procured her policy by defrauding QBE.  According to QBE, Gray had supplied false information on her application for insurance by affirmatively indicating that the Cutlass was registered to her, when in fact it was registered to Tina Poole, Gray's mother.  Had Gray truthfully completed the application, QBE would never have issued the policy.  Under such circumstances, QBE argued that it was entitled to rescind the insurance policy issued to Gray, and thus was entitled to be dismissed from the suit.

In support of its argument, QBE provided the application for insurance that had been submitted by Gray, which stated that the named insured "must be the registered owner" of the insured vehicle (the Cutlass).  Gray had indicated on the application that she was the registered owner of the vehicle, when in fact the vehicle was registered to Poole.  QBE argued that it would not have issued the

---

[1] *State Farm Mut Auto Ins v MMRMA*, 498 Mich 870; 868 NW2d 898 (2015).

[2] *State Farm Mut Auto Ins v MMRMA*, unpublished opinion per curiam of the Court of Appeals, issued February 19, 2015 (Docket Nos. 319709, 319710).  Our original opinion was issued in two consolidated cases.  *Id*.  The instant case was deconsolidated from the case in Docket No. 319709 by order of this Court.  *State Farm Mut Auto Ins v MMRMA*, unpublished order of the Court of Appeals, issued May 23, 2014 (Docket Nos. 319709, 319710).  Nothing in this opinion alters our resolution of the case in Docket No. 319709.

[3] *State Farm Mut Auto Ins*, 498 Mich at 870.

[4] *State Farm Mut Auto Ins*, unpub op at 1-3.

policy had it been provided accurate information on the application. Gray testified at her deposition that she did not own the Cutlass.

Following a hearing, the trial court ruled that it was denying both QBE's and State Farm's motions for summary disposition. Regarding State Farm's motion, the trial court found that while it was not convinced by MMRMA's arguments, the question of "whether the police vehicle was in fact involved for purposes of establishing liability is something that should be presented to the trier of fact in this matter, namely the jury." Regarding QBE's motion, the trial court found that Gray "owned the 1999 Oldsmobile and therefore had insurance. She was therefore liable for the vehicle that she nominally owned, the 1998 Grand Prix, which was ultimately driven by Mr. Johnson." The trial court further stated that "as a matter of law I do not believe QBE would be entitled to claim a rescission of those mandatory benefits set forth in the No–Fault Act by statute as they relate to innocent third-parties."

The trial court entered separate orders denying summary disposition to State Farm and QBE on December 4, 2013. . . . With regard to QBE's motion, the ordered [sic] stated that it was denied

> for the reasons stated on the record, including, but not limited to . . . [i]nsurance coverage required by statute, such as that of the No–Fault Act, MCL 500.3101, et seq., cannot be rescinded after an innocent third party has sustained injury which is the subject of the coverage required by statute. . . .

The order also stated as an additional reason for denial that "[a]ny termination of the registration or title which may be available would not have retroactive effect, so as to alter the state of ownership or registration as of 08/12/2011."[5]

## II.  STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). We consider the affidavits, pleadings, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). All reasonable inferences are to be drawn in favor of the nonmovant, *Dextrom v Wexford County*, 287 Mich App 406, 415; 789 NW2d 211 (2010). If it appears that the opposing party is entitled to judgment, the court

---

[5] *Id*. at 3 (footnotes omitted).

may render judgment in favor of the opposing party. MCR 2.116(I)(2); *Bd of Trustees of Policemen & Firemen Retirement Sys v Detroit*, 270 Mich App 74, 77-78; 714 NW2d 658 (2006). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

### III. ANALYSIS

Because the "innocent third-party rule" did not survive our Supreme Court's decision in *Titan Ins Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012), the trial court erred in denying summary disposition to QBE on this basis. *Bazzi*, ___ Mich App at ___, slip op at 1. We see no reason to reiterate in full the holding of *Bazzi*. Suffice it to say that it is precisely on point with respect to the issue presented in the instant case, and is precedentially binding. MCR 7.215(C)(2) (J)(1). Further, we agree with the *Bazzi* panel that the public policy concerns engendered by the abrogation of the "innocent third-party rule" are more appropriately considered by the Legislature, not this Court. *Bazzi*, ___ Mich App at ___, slip op at 9.

Having concluded that the trial court erred in its denial of summary disposition on the basis of the "innocent third-party rule," we vacate the trial court's order in that respect. However, this Court must further consider the posture of this case relative to the underlying issue of fraud. In denying QBE's motion, the trial court stated that "there is some question, I guess, factually as to whether in fact there was fraud." It further opined that while it was inclined to believe that "there was fraud in obtaining the insurance just from what's before me," "there at least could be some triable issues" in that regard. Based on our review of the record, we see no reason to disturb that finding.

Vacated with respect to the denial of summary disposition under the "innocent third-party rule," and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. QBE may tax costs. MCR 7.219(A).

/s/ Mark T. Boonstra
/s/ Michael J. Riordan