# STATE OF MICHIGAN

# COURT OF APPEALS

G&H COMPANY, LLC, a Michigan limited
liability company, and SHELDON COMPANY, a
Michigan corporation, d/b/a SHELDON
CLEANERS,

UNPUBLISHED
August 15, 2017

Plaintiffs-Appellants,

v

No. 333459
Kent Circuit Court
LC No. 15-005512-CZB

LEONARD & MONROE, LLC, a Michigan
limited liability company, and JLP PROPERTY
MANAGEMENT, LLC, a Michigan limited
liability company, and the CITY OF GRAND
RAPIDS, a municipal corporation,

Defendants-Appellees.

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting summary disposition in favor of defendants under MCR 2.116(C)(10). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff G&H Company, LLC ("G&H") owns real property located within the borders of defendant City of Grand Rapids ("the city"). It leases that property to plaintiff Sheldon Company ("Sheldon"). Sheldon operates a dry cleaning business on the property. Defendant Leonard & Monroe, LLC ("Leonard & Monroe") owns, and defendant JLP Property Management, LLC ("JLP") manages, an adjacent property where several restaurants currently operate.

Leonard & Monroe's property was developed for its current use after Leonard & Monroe received approval from the city's planning commission in 2001 to renovate and develop the property, which then housed "industrial buildings," for use as the site of retail, office, and restaurant businesses. The approval came with several conditions, including in relevant part "[t]hat on-site dumpsters shall be screened by masonry walls or a combination of masonry walls and wood fences."

-1-

Plaintiffs assert that in 2009 the dumpsters on Leonard & Monroe's property were moved to a location that directly abutted the building used by Sheldon, and that plaintiffs almost immediately made complaints to the city that the dumpsters were not emptied often enough, frequently overflowed, generated foul odors that permeated Sheldon's business, and caused the invasion of rodents and vermin. In June 2009, the city's planning supervisor sent a letter to Leonard & Monroe concerning the dumpsters. The letter stated that the dumpsters were not properly enclosed, were not being emptied frequently enough, and created a "quite pungent" smell on warm days. The letter encouraged Leonard & Monroe to enclose the dumpsters and empty them more frequently, or risk that they be declared a nuisance. The letter also noted that the original site plan had provided for the dumpsters to be placed in a different location, but that a later approved site plan allowed the dumpsters to be placed in their current location. The letter suggested that Leonard & Monroe consider moving the dumpsters to the location that had been identified in the original site plan, but stated that the planning supervisor "would not require [it] to do that."

Plaintiffs allege that remedial actions were never taken, and that they made complaints over the next five years that led to the issuance of citations to Leonard & Monroe by the city. Plaintiffs also allege that a meeting was scheduled with the city's planning department in 2014 to discuss the issue, but that no one appeared on behalf of Leonard & Monroe or JLP. In April 2015, plaintiffs sent a letter to all defendants entitled "Notice to Abate Nuisance," making the same complaints about the dumpsters that they had made since 2009, and further asserting that the dumpsters were still not enclosed as required by the site plan and in fact usually were left with lids open.

Plaintiffs filed suit in June 2015, characterizing the dumpsters as a private nuisance and asking that the trial court order defendants to abate the nuisance. Specifically, plaintiffs requested that the trial court order (1) the location of the dumpsters to be moved so as to conform with the original site plan; (2) the dumpsters to be emptied at least twice per week; (3) the dumpsters to be enclosed according to the city's zoning ordinance; (4) Leonard & Monroe or JLP to pay plaintiffs' attorney fees and costs related to this action; and (5) "such other and further relief in the premises that shall be agreeable with equity and good conscience and as this Court may deem fit."

The city moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that plaintiffs had alleged no act or omission on the part of the city that was actionable. The remaining defendants filed a joint motion for summary disposition under MCR 2.116(C)(10), arguing that plaintiffs had failed to raise a genuine issue of material fact regarding whether the alleged nuisance had caused them significant harm, and stating that the dumpsters were in an approved position, were enclosed, and were being emptied three times per week. Defendants attached an affidavit from Andy Bowman of the city's planning commission. The affidavit stated that as of his inspection on October 7, 2015, the gate to the enclosure for the dumpsters was made of chain link with vinyl slats that, although not strictly in compliance with the city's ordinance (which required a wood or masonry enclosure), sufficed to hide the dumpsters from

-2-

view.[1] The affidavit also stated that Bowman had detected no foul odors and that he was not aware of any reports of such odors from the city's property inspectors. Finally, the Bowman affidavit stated that the dumpsters were in an appropriate place and in compliance with the site plan for Leonard & Monroe's property. Defendants also attached an affidavit from Vic Grinwis, an employee of Leonard & Monroe who performed maintenance on the property, stating that he used the dumpsters two to three times per week and had never found them to be overflowing or emitting a foul odor.

Plaintiffs responded to both motions. Relevant to this appeal, and in response to Leonard & Monroe and JLP's motion, plaintiffs provided an affidavit from Tim Brown, Sheldon's Superintendent of Buildings. Brown's affidavit stated that on several dates between July 16, 2015 and August 26, 2015, he had inspected the dumpsters and found them with the gates open, with lids open, overflowing with garbage, and with a foul odor. The affidavit also alleged that a problem with mice had developed since the placement of the dumpsters behind the buildings, and that Brown had responded to the problem by placing two large traps at the location.

The trial court held a hearing on the motions. Counsel for Leonard & Monroe and JLP addressed steps that those defendants had taken to abate plaintiff's claim of nuisance, including increasing the frequency of trash pickups and enclosing the dumpsters. Following the hearing, the trial court granted the city's motion for summary disposition under MCR 2.116(C)(10), holding that plaintiffs had not shown that the city was responsible for the alleged private nuisance. This decision was reflected in an order entered that same day. The trial court subsequently issued a written opinion and order granting summary disposition under MCR 2.116(C)(10) in favor of Leonard & Monroe and JLP, holding that plaintiffs had not proven significant harm or unreasonable interference with their use of the property. The trial court noted that the Bowman affidavit stated that no foul odors had been detected during the most recent inspection, that the dumpsters were then enclosed, and that defendants were then having the trash emptied multiple times per week.

The trial court denied plaintiffs' motion for reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. We consider the affidavits, pleadings, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party. *Liparoto Constr, Inc*

---

[1] Leonard & Monroe and JLP maintain that Leonard & Monroe was grandfathered and thus not required to comply with the ordinance, but that it nonetheless did so voluntarily by building a masonry enclosure, albeit with steel gates.

*v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). All reasonable inferences are to be drawn in favor of the nonmovant. *Dextrom v Wexford County*, 287 Mich App 406, 415; 789 NW2d 211 (2010). A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

## III. ANALYSIS

Plaintiffs argue that the trial court erred by granting summary disposition in favor of Leonard & Monroe and JLP, because the documentary evidence submitted by the parties created a genuine issue of material fact regarding the existence of a private nuisance. We disagree.

A private nuisance is "a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Adkins v Thomas Solvent Co*, 440 Mich 293, 303; 487 NW2d 715 (1992). A party is liable for a private nuisance if

> (a) the other has property rights and privileges in respect to the use or enjoyment interfered with, (b) the invasion results in significant harm, (c) the actor's conduct is the legal cause of the invasion, and (d) the invasion is either (i) intentional and unreasonable, or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless, or ultrahazardous conduct. [*Capitol Properties Group, LLC v 1247 Ctr St, LLC*, 283 Mich App 422, 428–29; 770 NW2d 105, (2009) (citation omitted).]

In this case, the trial court found that no genuine issue of material fact existed regarding the elements of significant harm and unreasonable interference. We agree. Although plaintiffs argue that the trial court improperly weighed the credibility of competing documentary evidence, that characterization does not accurately characterize either the trial court's holding or the record below. Plaintiffs' complaint alleged that the dumpsters created a private nuisance because they were not enclosed and not emptied frequently enough, causing foul odors and vermin to invade Sheldon's business.[2] It is undisputed, however, that the dumpsters were enclosed by the time of the summary disposition hearing. And while plaintiffs presented some evidence of an odor noted by Brown during inspections occurring in July and August of 2015, they presented no evidence that this odor was even noticeable while on plaintiffs' property, much less that it had caused significant harm to the plaintiffs' enjoyment of their property. In any event, Bowman's affidavit indicated that no such odors were present during an October 2015 inspection. Notably, Brown's November 25, 2015 affidavit was signed after Bowman's November 5, 2015 affidavit; yet, it did not attest to any inspections occurring after August 26, 2015, did not counter Bowman's affidavit disclaiming odor issues as of October 7, 2015, and did not attest to any facts that occurred or existed between August 26, 2015 and the date of the hearing. The record further indicates that

---

[2] Plaintiffs also alleged that the waste removal trucks "bumped and jarred" the building they abutted when the waste was collected. No evidence was presented by any party regarding any such "bumping and jarring" and plaintiffs seem to have abandoned that allegation. In any event, the allegation would seem not to implicate a legal responsibility of Leonard & Monroe or JLP.

Leonard & Monroe or JLP increased the number of waste pickups per week even beyond what plaintiffs had requested that the trial court order. And no evidence was presented linking the alleged increase in vermin to the dumpster location or usage, and plaintiffs' own evidence suggests that any vermin issue had been solved by the use of traps.

Contrary to plaintiff's argument, the trial court did not require that plaintiffs essentially prove their entire case in a "mini-trial" at the summary disposition stage. The test for summary disposition under MCR 2.116(C)(10) is not whether, at trial, a record may be developed upon which reasonable minds may differ, or whether the court is satisfied that the nonmoving party cannot prevail at trial because of a deficiency that cannot be overcome. *Smith v Globe Life Ins Co*, 460 Mich 446, 454-455, n 2; 597 NW2d 28 (1999*)*. Rather, once the moving party supports its position with affidavits, depositions, admissions, or other documentary evidence, the nonmoving party has the burden of coming forward with evidence of specific facts to establish the existence of a material factual dispute. *Quinto v Cross & Peters Co*, 451 Mich 358, 362, 371; 547 NW2d 314 (1996). If the nonmoving party fails to establish a genuine issue of material fact, the motion is properly granted. *Id*. at 363.

Leonard & Monroe and JLP presented evidence that issues regarding the dumpsters had been addressed such that no genuine issue of material fact existed regarding whether the dumpsters then constituted a private nuisance. Plaintiffs failed to satisfy their burden to come forward with evidence of specific facts to establish the existence of a material factual dispute. Moreover, plaintiffs' complaint did not seek monetary damages for any past invasions of their enjoyment of the property; rather, the only monetary compensation they sought was the payment of attorney fees and costs, which would necessitate, at a minimum, their prevailing on their cause of action. See MCR 2.625. We therefore conclude that the trial court did not err by granting summary disposition under MCR 2.116(C)(10) in favor of Leonard & Monroe and JLP.[3] *West*, 469 Mich at 183. The trial court also did not err by denying plaintiffs' motion for reconsideration. See MCR 2.119(F).

Affirmed. As the prevailing parties, defendants may tax costs. MCR 7.219(A).

/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle

---

[3] Plaintiffs present no argument on appeal concerning the trial court's grant of summary disposition in favor of the city. We therefore also do not disturb the trial court's order in that regard.