*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SUSAN MICKELS,

      Plaintiff-Appellee,

v

DEPARTMENT OF TRANSPORTATION,

      Defendant-Appellant.

UNPUBLISHED
May 19, 2022

No. 357554
Court of Claims
LC No. 18-000159-MD

Before: GADOLA, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

In this personal-injury action, defendant appeals by right the trial court's order granting judgment in favor of plaintiff entered after a bench trial. Defendant argues that it is entitled to immunity under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. The trial court determined that the GTLA's "highway exception," MCL 691.1402(1), applied because defendant failed to keep the roadway reasonably safe and convenient for public travel. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

In September 2016, while riding a bus after work, plaintiff suffered a fractured back after being launched upward from her seat causing her head to strike the ceiling. A portion of the regular roadway surface had been removed in a process called "milling." When the bus drove out of the milled surface area, the rear wheels of the bus struck the ridge between the milled surface and the regular roadway, sending plaintiff and other bus occupants in her vicinity up into the air.

Plaintiff alleged that defendant negligently maintained the road, and that defendant breached its statutory duty under the GTLA, MCL 691.1402, to keep the roadway reasonably safe and convenient for public travel. Plaintiff also alleged that governmental immunity did not apply because defendant created and maintained the defect in question. Defendant argued that governmental immunity barred plaintiff's complaint and that the highway was reasonably safe and convenient for public travel. Defendant sought summary disposition pursuant to MCR 2.116(C)(7) and (C)(10), alleging in part that the highway exception to governmental immunity under MCL 691.1402 did not apply because the road was free from known defects and had been maintained in

-1-

reasonable repair. The trial court denied summary disposition and, after a bench trial, it entered judgment in favor of plaintiff. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's factual findings for clear error and review de novo the applicability of those facts to the law. *Hannay v Dep't of Transp*, 497 Mich 45, 57-58; 860 NW2d 67 (2014). We review de novo the applicability of the highway exception to governmental immunity which is a question of law. *Plunkett v Dep't of Transp*, 286 Mich App 168, 180; 779 NW2d 263 (2009).

## III. ANALYSIS

Defendant argues that plaintiff failed to establish that a defective condition existed in the roadway in question within the meaning of the highway exception to the GTLA. We disagree.

"A governmental agency is generally immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009), quoting MCL 691.1407 (quotation marks omitted). The highway exception is a statutory exception to governmental immunity. *Moser*, 284 Mich App at 538. "The purpose of this exception is to enhance the safety of travel on public highways." *Id*. Courts narrowly construe this exception. *Id*. (citation omitted).

Under MCL 691.1402(1), the highway exception, in relevant part provides as follows:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1).]

The GTLA establishes that governmental agencies have a duty to maintain highways in "reasonable repair." MCL 691.1402(1). "[A]n *imperfection* in the roadway will only rise to the level of a compensable 'defect' when that imperfection is one which renders the highway not reasonably safe and convenient for public travel, and the government agency is on notice of that fact." *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 168; 713 NW2d 717 (2006) (citations omitted, emphasis in original). Accordingly, a governmental agency does not have a duty to eliminate all conditions that make a road not reasonably safe, but injury arising from unsafe conditions that stem from the agency's failure to keep the highway in reasonable repair are compensable. *Id*.; see also MCL 691.1403. Evidence of a "significant gap of elevation" in the pavement of a roadway could lead "a reasonable jury [to] conclude that [a] highway was not in a state of reasonable repair" and not reasonably safe and convenient for public travel. *Kozak v City of Lincoln Park*, 499 Mich 465, 468; 885 NW2d 443 (2016).

In this case, the evidence supports the trial court's determination that the gap between pavement surfaces at issue constituted a defective condition because the transition between the

milled surface and the regular roadway was not reasonably safe or convenient for public travel. The trial court viewed a video that included six different angles from surveillance cameras in the bus at issue. This video footage captured the inside and outside of the bus, including the transitions in the construction zone at issue and the moment the passengers were launched into the air when the bus's rear wheels traveled over the abrupt transition in question. This video establishes that, despite the fact that the bus traveled under the speed limit, when the bus wheels struck the abrupt elevation change, the passengers in the back of the bus were launched into the air out of their bus seats. The incident caused plaintiff to hit her head on the ceiling. The court could reasonably conclude from the evidence that the elevation difference between the two road surfaces failed to be reasonably safe for public travel and constituted a defective condition. See *Kozak*, 499 Mich at 468.

Defendant contends that the difference in height between the two road surfaces was only two inches. Appellate courts, however, should defer to the trier of fact regarding issues of witness credibility. *Drew v Cass Co*, 299 Mich App 495, 501-502; 830 NW2d 832 (2013). The trial court found credible plaintiff's expert witness's testimony that the transition between the two road surfaces was inadequate. The trial court also found credible the testimony of another bus passenger involved in the incident who got launched from his seat at the rear of the bus and later examined the location of the incident and testified that the height difference between the two road surfaces in the construction area was between four and six inches. The trial court found that the height difference between the two road surfaces significantly exceeded two inches. We defer to the trial court's factual findings which are supported by the evidence.

Contrary to defendant's argument, the trial court's decision is not inconsistent with *Wilson*, 474 Mich at 161, and does not require that road conditions be "perfect." Instead, the decision requires that vehicles be able to travel safely and conveniently on public roadways that are properly maintained. See *Wilson*, 474 Mich at 168. The record reflects that the trial court considered all the evidence and properly analyzed it to make its decision. We are not convinced that the trial court erred by determining that the highway exception applied in this case.

Affirmed.

/s/ Michael F. Gadola
/s/ Deborah A. Servitto
/s/ James Robert Redford