# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

KOZAK v CITY OF LINCOLN PARK

Docket No. 152514. Decided July 1, 2016.

Barbara A. Kozak and Kevin J. Kozak brought a negligence action in the Wayne Circuit Court against the city of Lincoln Park after Barbara Kozak tripped over a three-inch elevation differential between two slabs of concrete that met at the centerline of a highway in the city. Plaintiffs alleged that defendant was liable for the resulting injuries under the highway exception to governmental immunity, MCL 691.1402(1), because defendant had failed to maintain the highway in reasonable repair. Defendant filed a motion for summary disposition under MCR 2.116(C)(7) and (C)(10), which it supported with an affidavit from its public services director stating that the height differential did not render the highway either unsafe or inconvenient for public travel. In response, plaintiffs submitted photographs of the height differential, an affidavit from a local resident stating that the roadway had been in that condition for about six years, and defendant's admission that no maintenance, paving, or repaving had been done to that portion of the highway before the incident. The trial court, Kathleen Macdonald, J., granted defendant's motion, and the Court of Appeals, CAVANAGH and SAAD, JJ. (BECKERING, P.J., dissenting), affirmed in an unpublished opinion per curiam issued July 21, 2015 (Docket No. 319797). Plaintiffs appealed.

In lieu of granting leave to appeal and without hearing oral argument, in a unanimous memorandum opinion, the Supreme Court *held*:

The trial court should have denied defendant's motion for summary disposition, and the Court of Appeals erred by concluding to the contrary. Based on the evidence proffered by plaintiffs, including photographic proof of a significant gap of elevation between the slabs of pavement, a reasonable jury could conclude that the highway was not in a state of reasonable repair so that it was reasonably safe and convenient for public travel. The only evidence submitted by defendant was the affidavit of its public services director, which merely articulated his opinion that the condition did not render the highway unsafe or inconvenient for public travel. This conclusory statement was insufficient to support defendant's motion for summary disposition.

Court of Appeals judgment reversed; case remanded to the circuit court for further proceedings.

©2016 State of Michigan

# OPINION

Chief Justice:        Justices:
Robert P. Young, Jr.  Stephen J. Markman
                      Brian K. Zahra
                      Bridget M. McCormack
                      David F. Viviano
                      Richard H. Bernstein
                      Joan L. Larsen

FILED July 1, 2016

STATE OF MICHIGAN

SUPREME COURT

BARBARA A. KOZAK and KEVIN J. KOZAK,

Plaintiffs-Appellants,

v

No. 152514

CITY OF LINCOLN PARK,

Defendant-Appellee.

---

BEFORE THE ENTIRE BENCH

MEMORANDUM OPINION.

The sole issue in this case is whether the lower courts erred by concluding that plaintiffs failed to provide sufficient evidence of a highway defect such that reasonable jurors could conclude that the highway was not in a state of reasonable repair for purposes of the "highway exception" to governmental immunity, MCL 691.1402(1). Because we conclude that plaintiffs presented sufficient evidence to avoid summary disposition, we reverse the judgment of the Court of Appeals and remand to the Wayne Circuit Court for further proceedings not inconsistent with this opinion.

Plaintiff Barbara Kozak alleged she was injured while crossing Kings Highway in Lincoln Park when she tripped over a three-inch elevation differential between the two slabs of concrete that met at the centerline of the street. Kozak and her husband brought the instant action against defendant, the city of Lincoln Park, pursuant to the "highway exception," alleging that defendant failed to "maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel." Defendant moved for summary disposition under MCR 2.116(C)(7) (governmental immunity) and (C)(10) (no genuine issue of material fact). The trial court granted defendant's motion, and the Court of Appeals, in a divided unpublished opinion, affirmed, concluding that plaintiffs did not provide evidence to counter defendant's assertions that the road was reasonably safe and convenient for public travel.[1]

This Court reviews de novo a trial court's determination regarding a motion for summary disposition.[2]

The governmental tort liability act (GTLA), MCL 691.1401 *et seq*., affords broad immunity from tort liability to governmental agencies and their employees whenever they are engaged in the exercise or discharge of a governmental function.[3] The GTLA provides several exceptions to this general rule, all of which must be narrowly

---

[1] *Kozak v Lincoln Park*, unpublished opinion per curiam of the Court of Appeals, issued July 21, 2015 (Docket No. 319797).

[2] *Douglas v Allstate Ins Co*, 492 Mich 241, 256; 821 NW2d 472 (2012), citing *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

[3] MCL 691.1407(1).

2

construed.[4] One such exception, the "highway exception," is contained in MCL 691.1402 and states in pertinent part:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1).]

This exception encompasses injuries to pedestrians.[5]

In support of its motion, defendant submitted only the affidavit of Robert Bartok, defendant's Director of Public Services, in which Bartok offered his opinion that the height differential "does not render the highway either unsafe or inconvenient for public travel" and that "the highway in this area is in fact reasonably safe and convenient for public travel." Plaintiff countered by submitting various forms of documentary evidence in support of their action, including photographs of the height differential, an affidavit from a local resident who stated that the roadway had been in that condition for about the last six years, and excerpts from Barbara's deposition, in which she described her fall. Plaintiffs also submitted defendant's answer to written interrogatories, in which defendant admitted that "no maintenance, paving or repaving was done to 813 King's Highway prior to the alleged date of the fall."

---

[4] *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000).

[5] See *Nawrocki*, 463 Mich at 171-172.

Considering defendant's conclusory affidavit alongside the evidence submitted by plaintiffs, we conclude that plaintiffs created a genuine issue of material fact giving rise to a reasonable inference that the highway was not in reasonable repair. Based on the evidence proffered by plaintiffs, including photographic proof of a significant gap of elevation between the slabs of pavement, a reasonable jury could conclude that the highway was not in a state of reasonable repair so that it was reasonably safe and convenient for public travel. The only evidence submitted by defendant was the affidavit of Bartok, which merely articulated his opinion that the condition did not render the highway unsafe or inconvenient for public travel. An affidavit that contains mere conclusory statements is insufficient to support a motion for summary disposition.[6] Consequently, we conclude that the trial court should have denied defendant's motion for summary disposition, and the Court of Appeals erred by concluding to the contrary.[7] We

---

[6] See *Rose v Nat'l Auction Group, Inc*, 466 Mich 453, 470; 646 NW2d 455 (2002) (stating that conclusory statements are not enough to create a genuine issue of material fact under MCR 2.116(C)(7)); *Quinto v Cross & Peters Co*, 451 Mich 358, 371-372; 547 NW2d 314 (1996) (stating that an affidavit with mere conclusory allegations was insufficient to avoid summary disposition under MCR 2.116(C)(10)).

[7] In dissent, Judge BECKERING focused on the trial court's application of an excerpt from this Court's decision in *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 169; 713 NW2d 717 (2006), in which the Court stated that "to prove her case plaintiff must present evidence that a reasonable road commission, aware of this particular condition, would have understood it posed an unreasonable threat to safe public travel and would have addressed it." We agree with the dissent that, when read in context, this language in *Wilson* does not require a plaintiff to submit evidence that literally describes what a reasonable road commission would do under the facts of each particular case, but rather that a plaintiff must submit evidence that the defect in question was of such a nature that it would have been apparent to a reasonable road commission that the defect rendered the highway not reasonably safe. However, we note that the Court of Appeals majority did not misconstrue this excerpt from *Wilson*, but instead focused on a sufficiency-of-the-evidence analysis.

4

therefore reverse the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court for further proceedings not inconsistent with this opinion.

Robert P. Young, Jr.
Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen