# STATE OF MICHIGAN

# COURT OF APPEALS

---

JOJUAN DYSON,

      Plaintiff-Appellee,

v

CITY OF DETROIT,

      Defendant-Appellant,

and

GREGORY COTTON,[1]

      Defendant.

UNPUBLISHED
May 18, 2017

No. 331256
Wayne Circuit Court
LC No. 15-001136-NI

---

Before: SERVITTO, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant City of Detroit ("defendant") appeals as of right the trial court's order denying its motion for summary disposition. We reverse and remand for entry of an order granting summary disposition in favor of defendant.

Plaintiff was injured in a June 24, 2014 accident that occurred when he was riding as a passenger on a city bus. The bus gradually crossed the center line, into the lanes for oncoming traffic, through a construction barricade, over a curb, and then side-swiped a building where it came to rest. There were no signs of braking. When Emergency Medical Services (EMS) staff arrived, the driver, Gregory Cotton, had no pulse or respirations.

In initiating this lawsuit, plaintiff alleged, in avoidance of governmental immunity, that Cotton negligently operated the city bus. MCL 691.1405.[2] Defendant raised the sudden

---

[1] Although Gregory Cotton is named as a defendant, he died in the accident that is the subject of this appeal.

-1-

emergency doctrine as a defense to plaintiff's claims, and the parties filed cross-motions for summary disposition. As relevant to this appeal, in its motion for summary disposition,[3] defendant argued that the sudden emergency doctrine applied and Cotton was not negligent in his operation of the city bus. In response, plaintiff argued that Cotton did not suffer a heart attack on June 24, 2014, and that even if he had, it was not sudden or unexpected, and therefore the sudden emergency doctrine was not applicable. The trial court ultimately held that factual disputes existed that precluded it from granting defendant's motion for summary disposition.

This Court reviews a trial court's decision on a motion for summary disposition filed pursuant to MCR 2.116(C)(7) de novo. *Yono v Dep't of Transp*, 499 Mich 636, 645; 885 NW2d 445 (2016). Summary disposition may be granted pursuant to MCR 2.116(C)(7) "when a claim is barred by immunity granted by law." *Beals v Michigan*, 497 Mich 363, 370; 871 NW2d 5 (2015).

> To survive such a motion, the plaintiff must allege facts justifying the application of an exception to governmental immunity. [The reviewing court] consider[s] all documentary evidence submitted by the parties, accepting as true the contents of the complaint *unless affidavits or other appropriate documents specifically contradict them. If the facts are not in dispute* and reasonable minds could not differ concerning the legal effect of those facts, *whether the claim is barred by immunity is a question for the court to decide as a matter of law.* [*Id*., (footnotes, citations and internal quotations omitted; emphasis added).]

We review the record evidence in the light most favorable to the party opposing the motion for summary disposition. *Herman v City of Detroit*, 261 Mich App 141, 143-144; 680 NW2d 71 (2004).

In *Kozak v City of Lincoln Park*, 499 Mich 465, 467; 885 NW2d 443 (2016), the Michigan Supreme Court stated, in pertinent part, as follows:

> The governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, affords broad immunity from tort liability to governmental agencies and their employees whenever they are engaged in the exercise or discharge of a governmental function. The GTLA provides several exceptions to this general rule, all of which must be narrowly construed. [*Kozak*, 499 Mich at 467 (footnotes and citations omitted).]

---

[2] Plaintiff also alleged that Cotton was grossly negligent in his operation of the city bus. MCL 691.1407(2).

[3] Defendant did not specify under which subrule of MCR 2.116(C) it was seeking summary disposition of plaintiff's claims. However, our review of the record, including the parties' arguments at the motion hearing, as well as the trial court's bench ruling, leads us to conclude that summary disposition was granted pursuant to MCR 2.116(C)(7).

As noted above, plaintiff asserted that defendant was liable for plaintiff's injuries because Cotton was negligent in operating the city bus. The relevant exception to governmental immunity, MCL 691.1405, provides, in pertinent part as follows:

Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner[.] . . .

To the extent that defendant contended that the sudden emergency doctrine applied, and that Cotton could therefore not be found to be negligent as a matter of law, the pivotal issue for us to decide is whether the trial court correctly concluded that factual issues remained concerning whether Cotton experienced a sudden emergency. "The sudden-emergency doctrine applies when a collision is shown to have occurred as the result of a sudden emergency not of the defendants' own making." *White v Taylor Distrib Co, Inc*, 482 Mich 136, 139-140; 753 NW2d 591 (2008) (citation and internal quotation marks omitted). A sudden loss of consciousness while driving may present a sudden emergency. *Id.* at 140. To be a sudden emergency, the situation must be "totally unexpected." *Id.* at 140 (citation omitted). For example, in *White*, a defendant driver continued driving after a bout of diarrhea and then lost consciousness. *Id.* at 138. The Michigan Supreme Court concluded that there were factual questions regarding whether the defendant felt ill as he continued to drive that precluded granting summary disposition in favor of the defendant. *Id.* at 140.

Defendant supported its motion for summary disposition on the basis of the sudden emergency doctrine with reports from two medical experts. Specifically, Dr. Gerald Levinson and Dr. Cheryl Loewe both clearly opined that, on the basis of their review of the record evidence, Cotton lost consciousness at the wheel of the city bus following a sudden cardiac event. In arguing that there are factual disputes on this issue and that the trial court properly denied defendant's motion for summary disposition, plaintiff argues that the autopsy report does not indicate that Cotton suffered a heart attack on June 24, 2014 when driving the city bus. We acknowledge that the autopsy report confirms that Cotton's manner of death was an accident, and there is no indication in the autopsy report that he suffered from a heart attack on June 24, 2014. However, we also note that plaintiff, in response to defendant's motion for summary disposition, did not offer any documentary evidence, aside from the autopsy report, to counter defendant's proffered evidence that Cotton suffered a heart attack on June 24, 2014 when driving the city bus.

Moreover, the present case is not like *White*, 482 Mich at 140-143, where questions of fact precluded summary disposition. Specifically, in this case the record does not contain evidence that Cotton felt ill before the accident and yet continued to drive. We acknowledge that plaintiff presented Cotton's voluminous medical records in support of his response to defendant's motion for summary disposition, and these records confirm that Cotton did have significant health issues, including cardiovascular disease and hypertension. While the record confirms that Cotton had taken time off from his job related to his health issues, the record does not reflect that Cotton experienced prior episodes of losing consciousness before the motor vehicle accident on June 24, 2014, or that his ability to drive safely was in any way impaired. Put another way, there is nothing in our review of the record evidence that would have given a

-3-

reasonable person grounds to believe that driving was not a safe option. Cf. *White*, 482 Mich at 140 (observing that the record evidence confirmed that the defendant "may have known or should have known that he was not feeling well when he continued driving . . . ." and therefore factual issues existed with regard to whether his emergency was "totally unexpected."). Accordingly, viewing the record in the light most favorable to plaintiff, we conclude that factual issues do not exist regarding whether Cotton encountered a sudden emergency when operating the bus. Accordingly, where the record evidence does not support plaintiff's claim that Cotton's operation of the bus was negligent, defendant was entitled to summary disposition on the basis of governmental immunity.

Reversed and remanded for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Deborah A. Servitto
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood