*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RYAN MENARD, by his conservator, SHELLY
MENARD,

        Plaintiff-Appellee,

v

TERRY R. IMIG and SHARRYL ANN
EVERSON,

        Defendants

and

MACOMB COUNTY DEPARTMENT OF
ROADS and COUNTY OF MACOMB,

        Defendants-Appellants.

UNPUBLISHED
January 14, 2020

No. 336220
Macomb Circuit Court
LC No. 2014-003145-NI

ON REMAND

Before: O'BRIEN, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Our Supreme Court issued the following order:

[I]n lieu of granting leave to appeal, we REVERSE the judgment of the Court of
Appeals. . . . [W]hen viewed in a light most favorable to the plaintiff, the
"plaintiff presented sufficient evidence that the defective road was a proximate
cause of" the injuries in this case. Specifically, there is evidence that the
defective road was more than the "condition or occasion affording opportunity for
the other event to produce the injury"; rather, it "put in motion the agency by

-1-

which the injuries [were] inflicted ...." We REMAND this case to the Court of Appeals for consideration of the issues raised by the defendants but not addressed by that court during its initial review of this case.[1]

Accordingly, we affirm the trial court's orders denying defendants' motion for summary disposition and granting plaintiff's motion to file a third amended complaint, and we remand this case to the trial court for further proceedings.

## I.  FACTS & PROCEDURAL HISTORY

This case arises out of a nighttime collision that occurred on a stretch of gravel road. Plaintiff was riding his bicycle heading north in the northbound lane when defendant Terry Imig approached in his vehicle from the rear.  At the same time, defendant Sharryl Everson approached in her vehicle in the southbound lane.  Everson flashed her high beams which temporarily blinded Imig and caused him to hit plaintiff who was injured as a result.

Plaintiff filed suit against Macomb County Department of Roads (MCDR) and Macomb County (the Macomb defendants, collectively) alleging negligence.  The Macomb defendants filed for summary disposition asserting their negligence fell under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*  The trial court denied the motion and the Macomb defendants appealed.  This Court reversed the trial court's decision and found instead that plaintiff could not show that the Macomb defendants proximately caused plaintiff's injuries.[2] Plaintiff appealed to our Supreme Court, which reversed this Court's holding, and remanded for this Court to consider any outstanding issues.

The issues presented on appeal were (1) whether this Court had jurisdiction; (2) whether the Macomb defendants were entitled to summary disposition pursuant to MCR 2.116(C)(7) where plaintiff failed to plead and prove an exception to governmental immunity; (3) whether the trial court erred in denying the Macomb defendants' motion for summary disposition pursuant to MCR 2.116(C)(7) where plaintiff failed to give proper notice of intent pursuant to MCL 691.1404; and (4) whether the trial court erred by allowing plaintiff to file a third amended complaint alleging a new defect in the roadway that was not originally stated in plaintiff's notice of intent.[3]  This Court did not consider the jurisdictional challenge because, even if we did not have jurisdiction to hear the appeal as of right, we would exercise our right to consider the appeal as on leave granted.[4]  Additionally, "[w]ithout having to consider whether plaintiff provided evidence of an actionable defect on [the] road,"[5] we held that plaintiff could not prove the

---

[1] *Menard by Menard v Imig*, ___ Mich ___ (2019) (Docket No. 158563) (*Menard II*).

[2]  *Menard v Imig*, unpublished per curiam opinion of the Court of Appeals, issued September 6, 2018 (Docket No. 336220) (*Menard I*).

[3] *Id.*

[4] *Id.* at 1 n 1.

[5] *Id.* at 4.  We note that the remand order assumes that an actionable defect on the road has been presented.  Indeed, the Supreme Court states that "there is evidence that the defective road was

element of proximate cause, and therefore, his claim could not survive the Macomb defendants' motion for summary disposition   We considered the remaining issues moot, but noted that the Macomb defendants' argument regarding the sufficiency of plaintiff's statutory notice failed on its merits. *Menard I,* unpub op at 9.  In doing so, we stated:

> [D]espite the Macomb defendants' argument that plaintiff's statutory notice was insufficient for failing to specifically identify the location and nature of the defect and leaving off witnesses who did not see the accident, the notice provided by plaintiff satisfied the requirements of MCL 691.1404(3) because it was "understandable and sufficient to bring the important facts to the governmental entity's attention." *Plunkett v Dep't of Transp*, 286 Mich App 168, 176; 779 NW2d 263 (2009).  See also *Milot v Dep't of Transportation*, 318 Mich App 272, 277; 897 NW2d 248 (2016) (defining witness as it is used in MCL 691.1404(3) as a person "who witnessed the 'occurrence of the injury and defect.' "). [*Id.* at 9 n 7.]

We adopt this previous analysis with respect to the merits of the Macomb defendant's arguments concerning the sufficiency of notice, and we now address the remaining issues regarding whether the road conditions were defective, and whether the trial court improperly granted plaintiff's for leave to file a third amended complaint.

## II.  REASONABLE REPAIR

The Macomb defendants argue that plaintiff's claim must fail because the width of the road is not a defect.  We now disagree.

A trial court's grant or denial of a motion for summary disposition is reviewed de novo, as is "[t]he applicability of governmental immunity and the statutory exceptions to immunity." *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012).  "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *McLain v Lansing Fire Dept*, 309 Mich App 335, 339; 869 NW2d 645 (2015).  "The moving party may submit affidavits,

---

more than the 'condition or occasion affording opportunity for the other event to produce the injury[.]' " *Menard II*, citing *Singerman v Muni Serv Bureau, Inc*, 455 Mich 135; 565 NW2d 383 (1997).  In *Menard I*, this Court held that plaintiff could not establish the element of proximate cause because the narrow nature of the road was "only a conduit for the allegedly negligent actions of others" but that it did not "put the agency in motion" as described in *Singerman*.  The Supreme Court disagrees only with our application of *Singerman* to the facts of this case.  Thus, the Supreme Court's statement regarding the defective road does not constitute a finding which would implicate the law of the case doctrine. *Grievance Adm'r v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000) (stating that the law of the case applies "only to issues actually decided, either implicitly or explicitly, in the prior appeal").

depositions, admissions, or other documentary evidence in support of the motion if substantively admissible." *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011). If there is no relevant factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. *Huron Tool & Engineering Co v Precision Consulting Servs, Inc*, 209 Mich App 365, 377; 532 NW2d 541 (1995). If, however, a pertinent factual dispute exists, summary disposition is not appropriate. *Id*.

The GTLA "affords broad immunity from tort liability to governmental agencies and their employees whenever they are engaged in the exercise or discharge of a governmental function." *Kozak v City of Lincoln Park*, 499 Mich 465, 467; 885 NW2d 443 (2016). One statutory exception to this is found at MCL 691.1402(1), the so-called "highway exception," under which a governmental agency has a duty to maintain a highway in its jurisdiction in reasonable repair, and liability is imposed where a plaintiff's injuries were caused by defective conditions. *Id*.

The Macomb defendants' general duty to repair and maintain extends "only to the improved portion of the highway designed for vehicular travel," i.e., the "actual roadbed, paved or unpaved," *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 161; 615 NW2d 702 (2000), and it does not include the shoulder of the road, which is not designed for vehicular travel, *Grimes v Michigan Dept of Transp*, 475 Mich 72, 73; 715 NW2d 275 (2006). Here, plaintiff alleged that there "was neither a shoulder nor adequate roadway/highway width to allow safe two-way public/vehicular travel," and supported these allegations with expert witness affidavits attesting that material from the roadway accumulated on the traveled portion of the road and artificially reduced its width. Plaintiff also submitted MCDR/Macomb internal email documents and MCDR employee deposition testimony discussing how removal of that material was routine maintenance to prevent narrowing of the road. Plaintiff further alleged, and as the Supreme Court remand order recognizes, the road had potholes and washboard surfaces due to poor maintenance and/or use of inferior materials. The nature of the defects pleaded concern the actual roadbed, and accordingly, we reject the Macomb defendants' argument that plaintiff's claim must fail. However, as the trial court noted, and the Supreme Court agrees in its remand order, there is a factual dispute regarding the existence of potholes, rendering summary disposition inappropriate. Some witnesses did not remember encountering potholes on the road that night. Menard testified in his deposition that, just before the accident, he was "dodging potholes on the road." Imig testified that he did not observe any potholes in the road that night. Thus, summary disposition was properly denied and remand to the trial court for resolution of this factual dispute is required.

## III. THIRD AMENDED COMPLAINT

Macomb defendants argue that the trial court improperly granted plaintiff's motion to amend the complaint for the third time after close of discovery and after the Macomb defendants filed their motion for summary disposition. Considering the Supreme Court's remand order, we disagree.

"A trial court's decision on a motion to amend a complaint is reviewed for an abuse of discretion." *Long v Liquor Control Comm*, 322 Mich App 60, 67; 910 NW2d 674 (2017). "A trial court abuses its discretion when it chooses an outcome outside the range of reasonable and

principled outcomes." *Anderson v Progressive Marathon Ins Co*, 322 Mich App 76, 83-84; 910 NW2d 691 (2017).

"A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading." MCR 2.118(A)(1). After that time, however, "a party may amend a pleading only by leave of the court or by written consent of the adverse party." MCR 2.118(A)(2). "Leave shall be freely given when justice so requires." *Id*. "Because a court should freely grant leave to amend a complaint when justice so requires, a motion to amend should ordinarily be denied only for particularized reasons." *Kincaid v Flint*, 311 Mich App 76, 94; 874 NW2d 193 (2015), quoting *Wormsbacher v Phillip R Seaver Title Co, Inc*, 284 Mich App 1, 8; 772 NW2d 827 (2009). "Those reasons include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility." *Kincaid*, 311 Mich App at 94.

The Macomb defendants argue that the trial court should have denied the motion for leave to amend the complaint because it alleged facts that were not included in the statutory notice. To wit, the notice provided that the defect was the road's narrow nature, but did not indicate that the narrow nature was caused by the Macomb defendants' failure to remove berms. The notice satisfactorily identified the narrow nature of the road at the specific location of the accident as a defect. MCL 691.1404(1). In amending the complaint, plaintiff only added the reason the road had narrowed—the existence of berms that should have been removed—which plaintiff became aware of during the course of discovery. Thus, the third amended complaint did not allege a new defect, it merely described in a more explicit manner how the defect came to be. The defect always was the narrow nature of the road near the drain where the accident occurred. The new complaint did not change that, so was not in violation of the notice statute. Plaintiff was permitted to change the legal theory for recovery from the allegation that the road was too narrow because it lacked a shoulder and was improperly built to an allegation that the failure to remove the berms improperly narrowed the road, so long as the purported defect was the same— that the road was too narrow. In other words, had the notice never mentioned that the road was too narrow then any claim arising out of the narrow nature of the road would have been barred. MCL 691.1404(1). Plaintiff's amendment was permitted pursuant to MCR 2.118(A)(2). Therefore, the Macomb defendants suffered no prejudice because they knew of the allegation that the road was too narrow, and conducted depositions of several witnesses regarding the fact that the presence of the berms caused the narrowing and that berm removal is part of the regular maintenance of roadways in Macomb County. *Kincaid*, 311 Mich App at 94.

Accordingly, pursuant to the Supreme Court's remand order, we find that the trial court did not abuse its discretion in granting plaintiff's motion to file a third amended complaint.

IV. CONCLUSION

We affirm the trial court's orders denying the Macomb defendants' motion for summary disposition and granting plaintiff's motion to file a third amended complaint, and we remand this case to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Patrick M. Meter
/s/ Michael J. Riordan