*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANNE GARDNER and ROBERT GARDNER,

Plaintiffs-Appellants,

v

MICHAEL R. PAGE, M.D., SANJEEV MATHUR, M.D., LH PARTNERS SUB, doing business as LAKESHORE HEALTH PARTNERS, and LAKESHORE HEALTH PARTNERS—FM, LLC, doing business as LAKESHORE HEALTH PARTNERS,

Defendants,

and

HOLLAND COMMUNITY HOSPITAL, doing business as HOLLAND HOSPITAL,

Defendant-Appellee.

UNPUBLISHED
June 16, 2022

No. 355966
Ottawa Circuit Court
LC No. 19-005743-NH

Before: BORRELLO, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

In this medical malpractice action, plaintiffs, Anne and Richard Gardner, appeal by leave granted[1] following the trial court's ruling granting Holland Community Hospital's motion for partial summary disposition pursuant to MCR 2.116(C)(10). For the reasons set forth in this opinion, we affirm.

---

[1] *Gardner v Page*, unpublished order of the Court of Appeals, entered March 31, 2021 (Docket No. 355966).

-1-

I. BACKGROUND

Plaintiffs initiated this action alleging medical malpractice related to Anne's treatment at Holland Hospital by defendant, Dr. Michael Page, when Anne presented to the emergency room on October 28, 2016. The sole focus of this appeal is whether plaintiffs may seek to hold Holland Hospital vicariously liable for the allegedly negligent medical treatment provided by Page.[2]

As relevant to this appeal, plaintiffs alleged in their complaint that "Defendant Page [and] any of the other physicians, residents, nurses or other health care professionals who participated in any aspect of the evaluation, consultation and/or care and treatment of Plaintiff Anne Gardner at Defendant Holland Community Hospital . . . were employees, agents and/or apparent agents of the Defendant Hospital and acting within the scope of their employment and authority such that the Defendant hospital would be responsible for any damages or injuries resulting from their negligence or malpractice."

Holland Hospital moved for partial summary disposition under MCR 2.116(C)(10), claiming in relevant part that Page was an independent contractor and was not an employee of Holland Hospital. Holland Hospital argued that in addition to failing to establish that Page was the hospital's actual agent, plaintiffs also could not establish that Page was an apparent or ostensible agent of the hospital. The hospital submitted Page's resume, indicating that he was employed by Emergency Physicians Incorporated. The record also contains a Treatment Consent form that Anne had signed on October 28, 2016, upon her admission to the emergency department that stated in relevant part as follows:

> I understand that many of the physicians on the staff of Holland Hospital, including my attending physician(s), may not be employees or agents of Holland Hospital, but rather, may be independent contractors who have been granted the privilege of using its facility for the care and treatment of their patients (for example, radiologists, anesthesiologists, pathologists, emergency physicians). As such, Holland Hospital exercises no control over the medical decisions regarding the diagnosis and treatment, nor the personal performance of services by the physician(s).

Plaintiffs opposed the motion. Anne submitted an affidavit in which she averred that when she arrived at the emergency department of Holland Hospital, "[a]ll signage in the ER and at the hospital suggested that I was upon the premises of Holland Hospital and that the facility was staffed with Holland Hospital employees and agents and that I would be provided with care and staff as necessary, by the hospital." Anne further averred that "[n]o one ever suggested that the persons caring for me were not employed by the hospital," that Holland Hospital provided Page to treat plaintiff, that plaintiff "did not have a pre-existing patient-physician relationship with [Page] prior to this date," and that she "did not specifically request to be seen by Dr. Page on October 28, 2016."

---

[2] This interlocutory appeal, which is focused on a narrow issue, does not involve the factual circumstances pertaining to the other named defendants. Hence, for purposes of this opinion, we need not discuss those facts and we will tailor our recitation of the relevant facts appropriately to focus only on the pertinent facts related to Page and Holland Hospital.

According to Anne, Page "was working in the hospital when he treated me, and I believed that he was an employee or agent of Holland Hospital, based upon the logistics of the set up - care was provided in the hospital facility." She believed that "Holland Hospital, through its conduct and representations, created the reasonable belief that Dr. Page was its employee or agent."

The trial court granted summary disposition in favor of Holland Hospital with respect to its vicarious liability, ruling that there was no genuine question of material fact that Holland Hospital was not vicariously liable for Page's alleged malpractice, even under an ostensible agency theory. The trial court concluded that "Plaintiff's belief that Dr. Page was an agent or employee of HCH was not reasonable and HCH did not generate, by act or neglect, any such reasonable belief." In reaching this decision, the trial court reasoned that plaintiff "fail[ed] to set forth any facts to establish that the signage supported one's reasonable belief that Dr. Page was HCH's employee or agent" because plaintiff did not provide any evidence of what the signage actually said. The court also reasoned that the "language of the consent/payment agreement that plaintiff signed clearly shows it could not serve as a basis for plaintiff to form a reasonable belief that Dr. Page was an agent or employee of HCH." Consequently, the trial court determined that plaintiff had failed to provide evidence of any act or omission by Holland Hospital that would justify a reasonable belief that Page was its employee or agent.

This Court granted plaintiff's application for leave to appeal the decision.

## II. STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary disposition de novo. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). Under MCR 2.116(C)(10), summary disposition is proper if "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." When deciding a motion under MCR 2.116(C)(10), "a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

On appeal, plaintiffs argue that the trial court erred in granting summary disposition with respect to Holland Hospital's vicarious liability because there were genuine questions of material fact regarding whether Page was an ostensible agent of Holland Hospital.

"Generally speaking, a hospital is not vicariously liable for the negligence of a physician who is an independent contractor and merely uses the hospital's facilities to render treatment to his patients." *Grewe v Mt Clemens Gen Hosp*, 404 Mich 240, 250; 273 NW2d 429 (1978). "However, if the individual looked to the hospital to provide him with medical treatment and there has been a representation by the hospital that medical treatment would be afforded by physicians working therein, an agency by estoppel can be found." *Id*. at 250-251. The *Grewe* Court provided the following explanation of the ostensible agency theory of vicarious liability:

The relationship between a given physician and a hospital may well be that of an independent contractor performing services for, but not subject to, the direct control of the hospital. However, that is not of critical importance to the patient who is the ultimate victim of that physician's malpractice. . . .

> An agency is ostensible when the principal intentionally or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him. In this connection . . . before a recovery can be had against a principal for the alleged acts of an ostensible agent, three things must be proved, to wit : (First) The person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one; (second) such belief must be generated by some act or neglect of the principal sought to be charged; (third) and the third person relying on the agent's apparent authority must not be guilty of negligence. [*Id*. at 252-253 (citations and some quotation marks omitted).]

Our Supreme Court stated that the "critical question" is whether the plaintiff, at the time of admission to the hospital, "was looking to the hospital for treatment of [her] physical ailments or merely viewed the hospital as the situs where [her] physician would treat [her] for [her] problems." *Id*. at 251. In making this determination, a relevant factor involves "whether the hospital provided" the treating physician to the plaintiff or whether the plaintiff and treating physician "had a patient-physician relationship independent of the hospital setting." *Id*.

In *Chapa v St Mary's Hosp of Saginaw*, 192 Mich App 29, 33-34; 480 NW2d 590 (1991), this Court interpreted *Grewe* and stated:

> The essence of *Grewe* is that a hospital may be vicariously liable for the malpractice of actual or apparent agents. Nothing in *Grewe* indicates that a hospital is liable for the malpractice of independent contractors merely because the patient "looked to" the hospital at the time of admission or even was treated briefly by an actual nonnegligent agent of the hospital. Such a holding would not only be illogical, but also would not comport with fundamental agency principles noted in *Grewe* and subsequent cases. Those principles have been distilled into the following three elements that are necessary to establish the creation of an ostensible agency: (1) the person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one, (2) the belief must be generated by some act or neglect on the part of the principal sought to be charged, and (3) the person relying on the agent's authority must not be guilty of negligence.

> Simply put, defendant, as putative principal, must have done something that would create in [plaintiff's] mind the reasonable belief that [the treating physicians] were acting on behalf of defendant. [Citations omitted.]

Summarizing these principles, this Court stated in *VanStelle v Macaskill*, 255 Mich App 1, 11; 662 NW2d 41 (2003):

Depending on the circumstances, in some cases, the most critical question is whether the patient "looked to" the hospital for treatment. Agency "does not arise merely because one goes to a hospital for medical care. There must be some action or representation by the principal (hospital) to lead the third person (plaintiff) to reasonably believe an agency in fact existed." Further, the fact that a doctor used a hospital's facilities to treat a patient is not sufficient to give the patient a reasonable belief that the doctor was an agent of the hospital. [Citations omitted.]

In this case, plaintiff signed a Treatment Consent form that stated:

I understand that many of the physicians on the staff of Holland Hospital, including my attending physician(s), may not be employees or agents of Holland Hospital, but rather, may be independent contractors who have been granted the privilege of using its facility for the care and treatment of their patients (*for example*, radiologists, anesthesiologists, pathologists, *emergency physicians*). As such, Holland Hospital exercises no control over the medical decisions regarding the diagnosis and treatment, nor the personal performance of services by the physician(s). [Emphasis added.]

Although Anne averred in her affidavit that when she arrived at the emergency department of Holland Hospital, "[a]ll signage in the ER and at the hospital suggested that I was upon the premises of Holland Hospital and that the facility was staffed with Holland Hospital employees and agents and that I would be provided with care and staff as necessary, by the hospital," she did not mention any specific sign or the specific language of any sign that she saw. She only averred as to her belief but without including any evidence of any specific fact on which that belief was based. Mere conclusory assertions in an affidavit, without any accompanying statements of underlying factual support, are insufficient to create a genuine issue of material fact on summary disposition. *Kozak v City of Lincoln Park*, 499 Mich 465, 468; 885 NW2d 443 (2016).

Accordingly, on this record, there is only evidence that Anne was informed that emergency physicians at Holland Hospital may not be hospital employees and may instead be independent contractors whose medical decisions were not subject to the hospital's control. Even viewing this evidence in the light most favorable to plaintiffs as we must, there is no evidence to support a conclusion that Anne could have held a *reasonable* belief that Page was Holland Hospital's agent or that any such belief was generated by *some act or neglect* attributable to Holland Hospital, and plaintiffs have therefore failed to demonstrate that the trial court erred by determining as a matter of law that Page was not Holland Hospital's ostensible agent and granting summary disposition in favor of the hospital. *Grewe*, 404 Mich at 252-253; *Chapa*, 192 Mich App at 33-34.

Affirmed. No costs are awarded. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Christopher M. Murray