*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARY NIKPRELAJ,

      Plaintiff-Appellant,

v

STEPHEN MICHAEL MCCONNAUGHEY,

      Defendant-Appellee,

and

VLADIMIR SAKALA,

      Defendant.

UNPUBLISHED
September 19, 2025
11:28 AM

No. 372095
Oakland Circuit Court
LC No. 2023-199598-NI

Before: GADOLA, C.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

In this negligence action, plaintiff appeals by right the trial court's order granting defendant Stephen McConnaughey (defendant) summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact).[1] We reverse the trial court's order and remand.

## I. FACTS AND PROCEDURAL HISTORY

This case involves a rear-end car collision between the parties. The parties were separately driving eastbound on Square Lake Road, in Bloomfield Township, Michigan. Plaintiff was stopped at a red light and was about to make a right turn onto Woodward Avenue, when defendant's vehicle hit the back of her car. Plaintiff left the scene and went home without calling

---

[1] Plaintiff also filed a negligence claim against defendant Vladimir Sakala. The trial court dismissed that claim without prejudice pursuant to the parties' agreement. Because plaintiff only raises issues related to her claim against defendant McConnaughey on appeal, we will refer to McConnaughey singularly as defendant, and will not address her claim against Sakala.

the police, but filed a police report four days after the accident. According to plaintiff, she suffered headaches and severe neck pain after the accident.

Plaintiff thereafter filed the instant negligence action, alleging in relevant part that defendant's vehicle "suddenly and without warning struck the rear of [her] vehicle, causing her serious and permanent injuries." Plaintiff claimed defendant acted negligently by, among other things, "fail[ing] to keep an assured clear distance in violation of the rear-end statute[,]" "fail[ing] to maintain his vehicle in proper working order[,]" and "fail[ing] to operate the motor vehicle with due care and caution[.]" Defendant filed an answer in which he asserted, among other things, that he "was confronted with a sudden emergency situation not of his own making, and for which [he] has no liability, in response to which he acted as a reasonable and prudent person would have done under like or similar circumstances."

Defendant subsequently moved for summary disposition under MCR 2.116(C)(10), arguing that there was no genuine issue of material fact that he "was unable to avoid the accident due to a sudden emergency, namely a mechanical failure," and thus that he was not negligent as a matter of law. In support, defendant offered his own affidavit, in which he stated, "As I neared the light at Woodward, I applied my brakes," but "the brakes did not stop the vehicle and I bumped the vehicle in front of me." His car was then towed to an automobile repair shop, which "advised that the drive shaft for [his vehicle] was broken." Defendant stated that he "maintained the vehicle in good working condition"; that "[p]rior to the accident, there were no problems with the vehicle and the vehicle was working properly"; and that "[t]here were no indications of any mechanical problems prior to the accident, including any indication of a problem with the drive shaft." Defendant concluded, "At the time of the accident, I was unable to stop the vehicle due to an unexpected mechanical failure." In addition to his affidavit, defendant provided an invoice from an automobile repair shop, which indicated a repair to the vehicle's drive shaft after the accident.

In response, plaintiff argued that defendant was presumed negligent under applicable law and had not offered evidence sufficient to rebut that presumption and to entitle him to judgment as a matter of law. Plaintiff pointed out that defendant was only claiming that his drive shaft had broken, but that component of the vehicle had nothing to do with stopping the vehicle. According to plaintiff, defendant had not offered evidence of a sudden emergency sufficient to invoke that doctrine as a defense and, even if that doctrine were in play, its application (and plaintiff's negligence claim more generally) presented questions for the jury. With her response, plaintiff attached a diagram of a drive shaft, seemingly taken from "driveshaftsoftulsa.com" with a caption stating that "[t]he driveshaft is a spinning tube that transmits power from the engine to the back of the vehicle . . . so the vehicle can move."

Defendant filed a reply arguing that he had put forth evidence—through his affidavit and repair-shop invoice—to support his claim of sudden emergency, but plaintiff had offered nothing to contradict that evidence or show a question of fact for the jury, as was her burden in responding to a motion under MCR 2.116(C)(10). Defendant also maintained that the sudden-emergency doctrine did, in fact, apply to the mechanical failure at issue here.

The trial court dispensed with oral argument and granted summary disposition to defendant. The court reasoned that, "while Plaintiff disputes Defendant McConnaughey's 'sudden emergency' defense, Plaintiff fails to submit any admissible evidence to counter the evidence

presented by Defendant McConnaughey in his motion" and, "[i]n the absence of same, Plaintiff failed to meet her burden of proof to establish a genuine issue of material fact relative to whether Defendant McConnaughey experienced a sudden emergency not of his own making . . . at the time of the subject motor vehicle accident." Plaintiff then filed a motion for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's grant of summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Defendant's motion for summary disposition was brought under MCR 2.116(C)(10), which tests the factual sufficiency of the complaint. *Maiden*, 461 Mich at 120. "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "[T]he moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Id.* If the movant meets this initial burden, "[t]he burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists." *Id.*

"A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." Id. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

"The interpretation and application of a statute presents a question of law that the appellate court reviews de novo." *Book-Gilbert v Greenleaf*, 302 Mich App 538, 541; 840 NW2d 743 (2013).

## III. DISCUSSION

On appeal, plaintiff argues that the trial court erred by granting defendant summary disposition because defendant failed to show that he was entitled to judgment as a matter of law on the basis of his sudden-emergency defense. We agree.

Generally, a plaintiff must prove four elements in a negligence action: (1) the defendant owed them a duty; (2) the defendant breached that duty; (3) the plaintiff suffered harm; and (4) the defendant's breach was the proximate cause of that harm. *Marion v Grand Trunk Western R Co*, 513 Mich 220, 226-227; 15 NW3d 180 (2024). MCL 257.402(a) establishes a presumption of negligence in a rear-end collision case, providing in relevant part:

> In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence. . . .

-3-

The parties do not dispute that defendant is presumed negligent in this case because his car hit the rear end of plaintiff's car while plaintiff was stopped at a red light.

A defendant can rebut this statutory presumption of negligence by showing "an adequate excuse or justification under the circumstances." *White v Taylor Distrib Co*, 275 Mich App 615, 621; 739 NW2d 132 (2007) (cleaned up), aff'd 482 Mich 136 (2008). One such excuse or justification is when the rear-end collision "occurred as the result of a sudden emergency not of the defendant['s] own making." *Vander Laan v Miedema*, 385 Mich 226, 231; 188 NW2d 564 (1971). The sudden emergency that caused the collision must have been "unusual or unsuspected" and not "in clear view for any significant length of time." *White*, 275 Mich App at 622 (cleaned up). And, even if a sudden emergency existed, a defendant still must have "acted as a reasonably prudent person when facing the emergency, giving consideration to all the circumstances surrounding the accident." *Id.*

We agree with plaintiff that defendant's motion for summary disposition failed to demonstrate his entitlement to judgment as a matter of law under the sudden-emergency doctrine. As noted, on a motion for summary disposition under MCR 2.116(C)(10), "the moving party has the initial burden of supporting its position by affidavits, depositions, admissions, or other documentary evidence." *Quinto*, 451 Mich at 362. Only once the movant meets this initial burden does the burden shift to the nonmovant to show a genuine issue of material fact as to that evidence. *Id.* Furthermore, "[w]hen the trial court undertakes to eliminate from the jury's consideration a statutory presumption as a matter of law, at the very least there must be clear, positive, and credible evidence opposing the presumption." *White*, 275 Mich App at 621.

To support his motion for summary disposition, defendant offered his affidavit and the invoice from the repair shop, but that did not provide the necessary "clear, positive, and credible evidence" to demonstrate that defendant was entitled to judgment as a matter of law. *Id.* Defendant's affidavit opined that he "was unable to stop the vehicle due to an unexpected mechanical failure." Defendant's conclusory belief to that effect, however, is insufficient in itself to support his motion for summary disposition. See, e.g., *Kozak v City of Lincoln Park*, 499 Mich 465, 468; 885 NW2d 443 (2016) (noting that "mere conclusory statements" in an affidavit are "insufficient to support a motion for summary disposition"). And defendant does not even purport to specify exactly what that "unexpected mechanical failure" was, in his view. Taken together and on their face, the affidavit and invoice demonstrated that defendant applied his brakes before the collision but they failed to stop his vehicle, and that the drive shaft on defendant's vehicle was found to be damaged after the accident. To the extent defendant's claimed mechanical failure was of his vehicle's brakes, there is nothing in the evidence presented to support that conclusion; the invoice from the repair shop reflects no such failure, nor can mechanical failure simply be assumed from the mere fact that defendant says he applied his brakes but still hit plaintiff. And to the extent defendant's claimed mechanical failure was of his vehicle's drive shaft, the evidence provides nothing to connect the damage to that drive shaft to his vehicle's failure to stop.[2] Defendant's

---

[2] Furthermore, and even assuming that a damaged drive shaft might affect a vehicle's ability to properly stop (something defendant's evidence wholly fails to address), defendant's insistence that

offered evidence, in short, was inadequate in itself to support his claim of sudden emergency and his bid for summary disposition on that basis.

The trial court erred by looking past these deficiencies in defendant's proofs and focusing instead on plaintiff's evidentiary offerings (or lack thereof) in response. While it is the nonmoving party's burden to demonstrate the existence of a genuine issue of material fact, that burden only arises after the moving party has first satisfied its own, "initial burden" to identify evidence that would be sufficient to demonstrate its entitlement to judgment as a matter of law. *Quinto*, 451 Mich at 362. Correspondingly, a court can only grant the motion if the "documentary evidence show[s] that there is no genuine issue in respect to any material fact, *and* the moving party is entitled to judgment as a matter of law." *Id.* (emphasis added). Here, defendant moved for summary disposition on the basis that he was not negligent. By law and under the undisputed facts of the case, he was presumed negligent. In bringing his motion, defendant failed to offer evidence that would, even unopposed, be adequate to rebut his presumed negligence and demonstrate that he was entitled to judgment as a matter of law under the sudden-emergency doctrine. Defendant's evidence did not become any more adequate, nor did his motion on its basis become any more viable, simply because plaintiff did not produce additional evidence in response to it. Accordingly, defendant's motion for summary disposition should not have been granted, and the trial court erred by concluding otherwise.[3]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock

---

his vehicle was properly maintained and in good working condition before the accident itself casts doubt on the notion that the drive shaft may have been damaged before the accident occurred.

[3] Because we conclude the trial court reversibly erred in this regard, we need not—and do not—address the other bases for reversal plaintiff raises in her appellate brief. We also do not address defendant's argument that he "reserves the right to challenge" the constitutionality of MCL 257.402's presumption of negligence, which he did not raise below and only raises now in undeveloped and conditional fashion. See, e.g., *Tolas Oil & Gas Exploration Co v Back Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023); *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 413; 766 NW2d 874 (2009).